25 C.C.P.A. (Patents)

## In re OVERBURY.
## Patent Appeal No. 3908.

Court of Customs and Patent Appeals.
April 4, 1938.

Charles M. Thomas and Clarence O. McKay, both of Washington, D. C., and Samuel Stearman, of New York City, for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

The appeal is from a decision of the Board of Appeals of the United States Patent Office affirming that of the Examiner refusing to allow claims 7 to 11, inclusive, of an application filed July 24, 1934, for reissue of appellant's original patent No. 1,868,803, on "Roofing Tile," which said patent was granted July 26, 1932.

Claim 8 is illustrative and reads as follows:

"8. A shingle comprising a base of asphalt-saturated fibrous felt, said base carrying a layer of asphaltic coating, a layer of mineral grit disposed thereon and carried thereby, and a protective coating of hydraulic cement applied to said base and filling the interstices between the individual grit particles and anchored thereby, said shingle being conformable to the shape of the roof to which it is applied."

The application relates to roofing tile and reissue is sought to correct an alleged deficiency in appellant's said patent. The deficiency as set forth in the oath states, "that such defect consists particularly in the inadvertent failure to present and prosecute to allowance claims coextensive with the invention therein disclosed, which defect more particularly resides in the inadvertent failure to present and obtain allowance of claims covering, as an article of manufacture, a shingle element comprising a flexible fibrous base, having a layer of mineral particles fixed thereto and a layer of hydraulic cement covering and having its uppermost surface wholly above said mineral layer and anchored in place by said mineral particles. * * *"

The patent discloses that the invention relates to fabricated roofing elements which are generally tile shaped and are wholly or partly rigid to retain their shape.

The only objects of the patent, stated as such, are as follows: "It is thus an object of my invention to provide impervious roofing elements with an upstanding and comparatively massive or substantial structure by combining the properties of various substances used in the manufacture of the elements so as to impart to the finished product rigidity in whole or in part, and imperviousness to water and other effects of the weather. It is also an object of the invention to control the surface coloring of the elements."

The claims that went to patent are limited to rigid material or a "shape retaining" feature.

The rejected claims of the application herein set forth a fabricated flat shingle conformable to the shape or surface of a roof. They do not contain any reference to the features of rigidity or shape retaining which are stressed in the patent.

The claims before us were rejected by both the Examiner and the Board on the grounds that they set forth an invention not intended to be covered by the original patent and as not based on a patent which is inoperative or invalid by reason of a defective or insufficient specification.

Appellant urges that the above-quoted objects of the invention do not include all of its objects and that "it is clear beyond question, from a consideration of the entire specification, that other objects of the invention are the modification of the old type of asphalt shingles. * * *"

We cannot agree with this contention. A very careful consideration of the original specification appears to us to disclose a roofing element which is rigid or in part rigid. The specification of the patent borne out by the claims thereof seems clearly to be for a roofing tile that simulates in appearance massive tiles of clay or cement and not for a flexible shingle as disclosed by the rejected claims. The patent does not describe any roofing element which is not entirely rigid or which does not contain stiffening of some kind or another to hold it in a raised form.

As we read the eleven figures of the patent in connection with the specification, we find three of them perspective views of raised semicylindrical forms of tile. Of these, two are entirely rigid, while the third is made up of flexible felt, with the butt, which is the exposed portion, composed of a plurality of layers of roofing felt, reinforced and stiffened to "preserve the upstanding tile shape," while the head portion is thinner and flat to facilitate securing the element to the roof. The part that is secured to the roof is more or less flexible. The fact that a portion of the third tile is flexible, as above shown, does not, in our opinion, describe the construction set out in the rejected claims. In laying tile of this kind, the "upstanding tile shape" is all that appears when the job is done, and facility of securing it is all that is disclosed.

Two others of the figures show cross sections of the butt portions of tiles having a base of rigid material. Another figure is a longitudinal section of the tile which contains the stiffening, and the five remaining figures are cross sections of the butt portions of laminated tiles showing various forms of stiffening elements.

In our opinion neither the specification nor the drawings separately or combined disclose a flat shingle conformable to the shape of a roof. It is quite true that in the patent we find that: "The element may be flat or take the shape of any of the various tile or shingle slabs now on the market."

This statement, however, taken with its context, refers only to the rigid element made of clay or other similar substance. Of course in the rigid kind of tile, which is the only construction described in the patent that does not include a stiffening element, there is no necessity to mention stiffening or reinforcing.

We think it quite clear that the rejected claims are not for the same invention as was sought to be protected in the original patent, and cannot be interpreted to be corrections of defects in the patent.

The decision of the Board of Appeals is affirmed.

Affirmed.